UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC ELEMENTS, LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>INTERFACE PROTEIN TECHNOLOGY, INC.,<br><br>           Defendant. | **Case No. 1:16-cv-01247-LJO-EPG**<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED**<br><br>(ECF No. 8)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS** |

   Plaintiff Pacific Elements, LLC filed a Motion for Default Judgment against Defendant Interface Protein Technology, Inc. on October 21, 2016. (ECF No. 8.) Charles Han, Defendant's CEO, filed an untimely opposition to the Motion on December 6, 2016. Han is not a lawyer and is not a named defendant in this action. On December 9, 2016, the Court heard testimony and argument on the Motion. Plaintiff's counsel G. Andrew Slater appeared for Plaintiff. Cindy Zhao, Han's personal assistant, appeared telephonically for Defendant. Zhao is not a lawyer and is not a named defendant in this action. After taking the testimony of Plaintiff's general manager, Charles Cummings, the matter was taken under submission pursuant to Local Rule 230(g). Defendant was directed to find an attorney and appear in this action no later than January 6, 2017, and the parties were informed that the Motion would be held in abeyance until that date. Defendant has yet to

appear as directed. The Court thus recommends that Plaintiff's Motion for Default Judgment be GRANTED.

## I. BACKGROUND

Plaintiff filed this action on August 23, 2016 seeking damages arising out of a breach of contract by Defendant. (ECF No. 1.) Plaintiff is a manufacturer of livestock feed and contracted to sell Defendant over one million pounds of wheat bran pellets. Under the Purchase Agreement, Defendant agreed to pay Plaintiff $221,147.49. This amount was divided into two invoices for the shipment of these pellets—one for $119,926.93 and another for $101.220.56. Payment was due within 60 days of the dates of each invoice. Plaintiff shipped the pellets to Defendant, but Defendant failed to pay Plaintiff $114,944.50, the remaining balance between the two invoices. The contract also contained a clause entitling Plaintiff to reasonable attorneys' fees and costs required to enforce the terms of the contract.

The Complaint and summons were personally served on Charles Han, the president of Defendant, on September 15, 2016. (ECF No. 4.) On October 7, 2016, 22 days after the Complaint had been served, Plaintiff requested entry of default against Defendant. (ECF No. 5.) The Clerk of the Court then entered default against Defendant on October 11, 2016 and Plaintiff notified Defendant of the entry of default on October 18, 2016. (ECF Nos. 6, 7.) On October 20, 2016, Han filed a document, which purported to be a "Joint Answer and Counter Claim." (ECF No. 9.) The next day, Plaintiff filed this Motion. (ECF No. 8.) A hearing was set for December 9, 2016.

Three days before the hearing, on December 6, 2016, Han again filed the same "Joint Answer and Counter Claim," as well as an opposition to the Motion. (ECF Nos. 15, 16.) The opposition stated that Defendant had been unable to obtain legal representation, but intended to respond to the complaint. Han did not appear at the hearing, however, and sent his personal assistant, Cindy Zhao, to speak on his behalf. Zhao stated that Defendant was still attempting to find an attorney and that it would like 30 more days to do so. After hearing argument and testimony regarding the Motion, the Court took the Motion under submission to hold in abeyance until January 6, 2017 to allow Defendant to obtain a lawyer and respond appropriately. Zhao was

further advised that, pursuant to Local Rule 183, she and Han were not able to represent Defendant before the Court. No attorney has appeared for Defendant. Including interest, costs, and attorneys' fees, Plaintiff requests judgment in the amount of $120,479.90. (ECF No. 8-2.)

## II. DISCUSSION

### A. Defendant's Responsive Pleadings

As noted above, Defendant has attempted to file two answers/counterclaims to the Complaint, as well as an opposition brief to the Motion. (ECF Nos. 9, 15, 16.) All were filed after the Clerk of the Court entered default against Defendant.

A corporation or other business entity may only appear in federal court through counsel. Local Rule 183(a); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Defendant was advised of this fact at the hearing on the Motion, via minute order, and was provided a more than adequate opportunity to retain counsel. (ECF No. 18.) Despite this, Defendant has not retained counsel. Thus, the Court recommends that the answers (ECF Nos. 9, 15) and opposition brief (ECF No. 16) be stricken. *Rojas v. Hawgs Seafood Bar, Inc.*, Case No. C08-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it."), *citing Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993 (9th Cir. 2007).

### B. Default Judgment

The Federal Rules of Civil Procedure provide for the court-ordered entry of a default judgment following the entry of a default by the Clerk of the Court. Fed. R. Civ. P. 55(a), (b)(2); *see Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (distinguishing Clerk's entry of default under Rule 55(a) from court's entry of default judgment under Rule 55(b)). It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.

1987) (per curiam), *quoting Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam). Those well-pleaded factual allegations must be sufficient to establish plaintiff's entitlement to a judgment under the applicable law. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007) (district court properly refused to grant default judgment where the complaint failed to state violations of the relevant statute), *cert. denied*, 555 U.S. 937 (2008); *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("claims which are legally insufficient, are not established by default").

Even when a default judgment is warranted, the propriety of its entry is committed to the sound discretion of the court. *Eitel*, 782 F.2d at 1471 (although all requirements for default judgment were met, "[t]he denial of a default judgment here was within the court's discretion"). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment include:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

**C. Analysis**

Plaintiff's motion sufficiently establishes that the *Eitel* factors weigh in favor of default judgment. Plaintiff would suffer prejudice absent entry of default judgment because it would be unable to obtain relief for Defendant's failure to pay as agreed in the purchase agreement. Such an inability is adequate to establish the first *Eitel* factor. *Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

Plaintiff has also sufficiently alleged a claim for breach of contract. To state a breach of contract claim, a plaintiff must allege (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) the defendants' breach, and (4) damage to plaintiff. *Zardain v. Ipacpa US, Inc.*, No. 2:15-CV-1207-MCE-EFB, 2016 WL 737380, at *2 (E.D. Cal. Feb. 25, 2016), citing *Amelco Elec. v. City of Thousand Oaks*, 27 Cal. 4th 228, 243 (2002). Plaintiff alleges that it entered into a purchase agreement with Defendant. (Complaint ¶ 7, ECF No. 1.)

Over the course of two years, Plaintiff sold Defendant wheat bran pellets and included invoices in the amounts of $101,220.56 and $119,926.93. (*Id.*, Exhs. C, D.) Payment was due within 60 days of each invoice. Under the purchase agreement, Defendant agreed to pay 18% in annual interest on any amounts owed and agreed "to pay such additional costs and reasonable attorney fees associated with any such action taken to enforce payment." (*Id.*, Exh. B.) Despite the shipment of the pellets and the terms of the agreement, Defendant still has a balance of $114,944.50 owed for the pellets.[1] (*Id.* ¶ 25.) These allegations are sufficient to establish a breach of contract claim under California law.[2]

The sum of money at stake in this action weighs in favor of default judgment. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions." *Truong Giang Corp. v. Twinstar Tea Corp.*, Case No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff is seeking precisely the amount of money that it is owed under the contract between the parties, in addition to contractually agreed upon interest and fees. The amount of money at stake is thus directly proportional to the "seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002).

Accepting the Complaint's factual allegations as true, the likelihood that there is a dispute of material fact is minimal. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a

---

[1] Plaintiff also introduced the purchase agreement and invoices into evidence at the hearing on the Motion.

[2] Plaintiff pleads three other causes of action for: (1) breach of oral contract; (2) quantum meruit; and, (3) common count. Each of these is pleaded in the alternative, however, and thus need not be addressed because Plaintiff has adequately pleaded its breach of contract claim. *DPR Constr. v. Shire Regenerative Medicine, Inc.*, Case No. 14-cv-2399-JAH (MDD), 2016 WL 4597520, at *10 (S.D. Cal. Aug. 29, 2016), *quoting Wal-Noon Corp. v. Hill*, 45 Cal.App.3d 605, 613 (1975) ("There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time."); *Sierra View Local Health Care Dist. v. Influence Health, Inc.*, Case No. 1:15-cv-00689-DAD-SAB, 2016 WL 2346799, at *6 (E.D. Cal. May 4, 2016) ("Parties are entitled to pursue both contract claims and quantum meruit claims arising out of the same transaction, but can seek only one recovery. A party cannot recover in quantum meruit if an expressed contract exists governing the subject of their compensation."), *citing In re De Laurentis Entertainment Group Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992); *McBride v. Broughton*, 123 Cal.App.4th 379, 394-95 (2004) (common count claim, when "used as an alternative way of seeking the same recovery demanded in a specific cause of action . . . must stand or fall" with that cause of action).

well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Nor was the default the result of excusable neglect. Defendant was personally served with the Complaint and summons on September 15, 2016. (ECF No. 4.) Despite this, Defendant did not attempt to respond to the Complaint until after default was entered. (ECF No. 7.) Even when it did respond, it responded in an impermissible manner, as detailed above. The Court explained that Defendant was required to retain counsel and provided Defendant with additional time to retain counsel, but Defendant failed to retain counsel or otherwise properly participate in the litigation.

Finally, the last *Eitel* factor, which recognizes the policy in favor of deciding actions on their merits, weighs against default judgment. This factor, however, is inadequate on its own to overcome the weight of the other factors. *Zardain v. Ipacpa US, Inc.*, Case No. 2:15-cv-1207-MCE-EFB, 2016 WL 737380, at *3 (E.D. Cal. Feb. 25, 2016) ("although '[c]ases should be decided upon their merits whenever reasonably possible,' district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action."). The *Eitel* factors weigh in favor of entry of default judgment against Defendant.

**D. Relief Sought**

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

Plaintiff's Complaint seeks damages of $114,944.50 for the breach of contract, in addition to interest in the amount of $3,310.40 and attorneys' fees and costs in the amount of $2,225.00. The total amount sought is thus $120,479.90. Under California Civil Code § 3300, which defines damages for a breach of contract, "the measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Where a breach of contract consists solely of a failure to pay money, "[t]he detriment caused by the breach . . . is deemed to be the amount due by the terms of the obligation, with interest thereon." Cal. Civ. Code § 3302.

1    Plaintiff contends that it performed its obligations under the purchase agreement by
2 delivering the wheat bran pellets that were ordered by Defendant. Defendant, however, did not
3 pay the full amount owed by the terms of the agreement. Plaintiff has adequately established that
4 Defendant has failed to pay $114,944.50. (Declaration of Charles Cummings ("Cummings
5 Decl.") ¶ 7, ECF No. 8-2.) Moreover, the terms of the contract provide that any unpaid balance
6 will be subject to an 18% annual interest rate. *Id.* Plaintiff has calculated the amount of interest
7 due based on an 18% annual rate beginning with a principal of $114,944.50 on August 23, 2016
8 (the date the Complaint was filed) and running for 58 days (until the Motion was filed). *Id.* at ¶
9 10. Based on these calculations, Plaintiff is owed $3,310.40 in interest. The Court does not find
10 any fault with these calculations or the exhibits substantiating them.

11   Plaintiff also requests attorneys' fees and costs incurred in pursuing this action.
12 Specifically, Plaintiff's counsel G. Andrew Slater submits a declaration, along with billing
13 statements, indicating that he has billed six hours of his time at $350/hour in this case.
14 (Declaration of G. Andrew Slater ("Slater Decl.") ¶ 7, ECF No. 8-1.) He has also spent $125 to
15 personally serve the Complaint and summons on Defendant. *Id.* The total amount for these fees
16 and costs is thus $2,225.

17   In California, "a prevailing party may recover attorney's fees only when a statute or an
18 agreement of the parties provides for fee shifting." *Kirby v. Immoos Fire Protection, Inc.*, 53
19 Cal.4th 1244, 1248 (2012). According to California Civil Code § 1717:  "In any action on a
20 contract, where the contract specifically provides that attorney's fees and costs, which are
21 incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing
22 party, then the party who is determined to be the party prevailing on the contract, whether he or
23 she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in
24 addition to other costs."

25   The purchase agreement that Defendant entered into provided for the payment of
26 attorneys' fees incurred in the enforcement of the terms of the contract. (Cummings Decl., Exh.
27 B, ECF No. 8-2 ("If suit be brought or referral of the account for collection be made to enforce
28 payment on my/our account, I/We agree to pay such additional costs and reasonable attorney fees

7

associated with any such action taken to enforce payment."). Thus, under California law, Plaintiff is entitled to the costs and reasonable attorneys' fees incurred in bringing this action. The Court finds that the requested fees are reasonable. *Millan v. Cascade Water Servs.*, Case No. 1:12-cv-01821-AWI-EPG, 2016 WL 3077710, at *11 (E.D. Cal. June 2, 2016) ("In the Fresno Division of the Eastern District, the hourly rate for competent and experienced attorneys is between $250 and $400, 'with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience.'"). Thus, the Court recommends that Plaintiff's request for costs and attorneys' fees be granted.

### III. CONCLUSION

For the reasons discussed above, the Court RECOMMENDS that:

1. Defendant's responsive pleadings (ECF Nos. 9, 15, 16) be STRICKEN;
2. Plaintiff's Motion for Default Judgment against Defendant Interface Protein Technology, Inc. (ECF No. 8) be GRANTED;
3. Plaintiff's request for attorneys' fees and costs against Defendant be GRANTED; and,
4. Plaintiff be awarded $114,944.50 in damages, $3,310.40 in interest, $2,100 in attorneys' fees, and $125 in costs, for a total sum of $120,479.90.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B). Within **fourteen (14) days** of service of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

\\\
\\\
\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler,* 772 F. 3d 834, 839 (9th Cir. 2014); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 18, 2017**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE